UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREA FIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:15-cv-668 |
| | ) |
| INDIANA UNIVERSITY HEALTH | ) |
| BLOOMINGTON HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Andrea Fields ("Fields"), brings this action against Defendant, Indiana University Health Bloomington Hospital ("Defendant"), for unlawfully violating her rights as protected by the Americans With Disabilities Act ("ADA"), as amended.

**PARTIES**

2. Fields has resided within the Southern District of Indiana at all relevant times.

3. Defendant operates and conducts business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 12117.

5. Fields was an "employee" within the meaning of 42 U.S.C. § 12111(4).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

7. Fields is a qualified individual with a disability, has a record of a disability, and/or was regarded as disabled by Defendant.

8. Fields satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a "Dismissal and Notice of Rights" to Fields. She now timely files her lawsuit.

9. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

10. Fields was diagnosed with a genetic disability that has substantially limited one or more major life activities.

11. Fields tested positive for one copy each of the C677T and the A1298C mutations in or about 2004. The C677T is a variant of methylenetetrahydrofolate reductase ("MTHFR"). MTHFR has been associated with an increased risk for hyperhomocysteinemia and vascular diseases. Hyperhomocysteinemia is a risk factor for arterial disease and venous thrombosis. The 677T variant is most commonly associated with early heart disease and stroke. With this mutation, the person's brain experiences demylination. The mutation can cause memory loss, chronic fatigue, and muscle pain.

12. Fields has suffered significantly from memory loss, chronic fatigue, brain fog, and muscle pain, among other debilitating symptoms.

13. Fields has also suffered from asthma and an allergy to eggs that can substantially limit her in one or major life activities if she eats, drinks, or is injected with any substance containing or made from eggs.

14. Defendant ordered Fields to take an influenza vaccine shot in or about September 2013.

15. The influenza vaccine was made, in part, from eggs.

16. Fields requested that she be medically exempted from receiving the shot because of her disability(ies).

17. Her exemption request constituted a request for a reasonable accommodation and was statutorily-protected conduct.

18. Defendant temporarily exempted Fields from taking the influenza vaccine shot.

19. Per Defendant, this exemption was temporary until another influenza vaccine shot (Flublok) not made from eggs was available.

20. On or about October 18, 2013, Fields appealed Defendant's decision regarding the requirement that she take Flublok because of her disability.

21. Fields requested that she be exempted from being required to take Flublok because Flublok has been shown to cause demylination in patients with MTHFR.

22. Fields had already been experiencing memory loss, chronic fatigue, brain fog, and muscle pain, so she requested that she be exempted from Flublok.

23. Fields' requested exemption constituted a request for a reasonable accommodation.

24. Defendant denied her request for an exemption and a reasonable accommodation.

25. Before denying Fields' appeal, Defendant did not ask Fields to provide any medical documentation about her request not to be required to take Flublok.

26. Before denying Fields' appeal, Defendant did not speak with Fields' healthcare provider about her request not to be required to take Flublok.

27. Defendant did not engage in the interactive process with Fields to determine whether a reasonable accommodation existed, such as her wearing a mask in lieu of taking Flublok.

28. Defendant terminated Fields on or about December 18, 2013.

29. Defendant has accorded more favorable treatment to similarly-situated employees, who are not disabled, do not have a record of a disability, are not regarded as disabled by Defendant, and/or have not engaged in statutorily-protected activities.

30. All reasons proffered by Defendant for adverse actions taken by it regarding Fields' employment are pretextual.

31.     Fields has suffered injury as a result of Defendant's unlawful actions.

## COUNT I

## DISABILITY DISCRIMINATION – ADA

32.     Fields hereby incorporates paragraphs 1-31 of her Complaint.

33.     Fields asked for a reasonable accommodation.

34.     Defendant did not provide a reasonable accommodation to Fields

35.     Defendant took adverse employment actions against Fields based on her disability, record of a disability, and/or its perception of her being disabled.

36.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Fields' rights as protected by the ADA.

## COUNT II

## RETALIATION – ADA

37.     Fields hereby incorporates paragraphs 1-36 of her Complaint.

38.     Fields asked for at least one reasonable accommodation.

39.     Defendant terminated Fields in retaliation for her engagement in statutorily-protected activities.

40.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Fields' rights as protected by the ADA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Andrea Fields, by counsel, respectfully requests that this Court find for her and order that:

1.      Defendant reinstate Fields to the same position, salary, and seniority (with her requested accommodation), or pay front pay and benefits to her in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Fields;

3. Defendant pay compensatory and punitive damages to Fields;

4. Defendant pay pre- and post-judgment interest to Fields;

5. Defendant pay Fields' attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Fields any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Bradley L. Wilson*
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Andrea Fields

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
bwilson@jhaskinlaw.com

## DEMAND FOR JURY TRIAL

      Plaintiff, Andrea Fields, by counsel, respectfully requests a jury trial for all issues deemed triable.

                                        Respectfully submitted,

                                        *s/ John H. Haskin*
                                        John H. Haskin, Attorney No. 7576-49

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:   jhaskin@jhaskinlaw.com
             bwilson@jhaskinlaw.com